```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
TABLE FOR EIGHT, INC. and M SHANGHAI, LLC,

                                            COMPLAINT
                  Plaintiffs,
                                            CIVIL ACTION NO.
                                            15 Civ.

     -against-

WEI WILLIAMSBURG CORP and
WEI PING WANG,

                  Defendants.
-------------------------------------x
```

Plaintiffs, Table For Eight, Inc. and M Shanghai, LLC, by their attorneys, Moss & Kalish, PLLC, complaining of the defendants, alleges as follows:

### Nature of Action

1. This is an action for unfair competition brought by plaintiffs, each of which operates a restaurant in Williamsburg, Brooklyn, specializing in Asian and Chinese cuisine, against defendants' unlawful use of plaintiffs' trademarks and service marks in connection with its operation of a nearby restaurant also specializing in Asian and Chinese cuisine.

### Parties

2. Plaintiff, Table For Eight, Inc. ("Table For Eight") is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business in the State and City of New York, County of Kings.

3. M Shanghai LLC is a domestic limited liability company organized and existing under the laws of the State of New York with a principal place of business in the State and City of New York, County of Kings.

4. Upon information and belief, defendant, Wei Williamsburg Corp ("Wei Williamsburg") is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business in the State and City of New York, County of Kings.

5. Upon information and belief, defendant, Wei Ping Wang ("Wang") is a natural person residing in the State and City of New York.

6. Table for Eight operates a restaurant known as "M Noodle Shop", located at 549 Metropolitan Avenue, Brooklyn, New York 11211.

7. M Shanghai LLC operates a restaurant known as "M Shanghai" located at 292 Grand Street, Brooklyn, New York 11211.

8. M Shanghai and M Noodle Shop are referred to collectively herein as "the Restaurants."

9. Upon information and belief, "Wei Williamsburg" operates a restaurant known as Wei Williamsburg ("Wei Restaurant"), located at 145 Borinquen Place, Brooklyn, New York 1211.

10. Wei Restaurant specializes in Asian and Chinese cuisine.

11. Upon information and belief, defendant, Wei Ping Wang, is a natural person residing in the State of New York.

12. Upon information and Belief, Wang is the sole owner of Wei Williamsburg.

13. Upon information and belief, Wang has engaged in the activities complained of in this Complaint, is the conscious, active and dominant force behind Wei Williamsburg and Wei Restaurant; Wei Williamsburg is the alter ego of Wang; and there exists a unity of interest among them.

## Jurisdiction and Venue

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and the Trademark Act of 1946, 15 U.S.C. §1121 et seq.

15. The Court has supplemental jurisdiction over the claims in this complaint which arise under statue statutory and common law pursuant to 28 USC 1367, since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

16. Venue is proper with respect to this action in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c).

## Factual Background

17. M Shanghai and M Noodle Shop have established an outstanding reputation for the quality, freshness and originality of their dishes. This reputation is reflected in the outstanding reviews they receive on social media as well as their ability to retain their customer base in an increasingly competitive restaurant environment.

18. Given the increasingly upscale nature of Williamsburg, M Shanghai and M Noodle Shop must meet increasingly higher demands for quality food and service, while maintaining competitive pricing.

19. Among the extremely popular dishes that M Shanghai features are the following:

Steamed Juicy Pork Buns
Awesome Beef
Amazing Salt and Chili Pepper Shrimp
Fabulous Mu- Shu Pork
Fabulous Mu- Shu Chicken
Fabulous Mu-Shu Vegetarian
Fabulous Mu-Shu Shrimp

20. Among the extremely popular dishes M Noodle Shop features are the following:

Awesome Chicken

21. The dishes set forth at paragraphs 19 and 20 hereof are referred to collectively herein as "the Dishes."

22. The Restaurants have been in operation for over 10 years.

4

23. As a result of the high quality associated with the dishes served by the Restaurants, the long duration of the Restaurants and the efforts made by the Restaurants to market and advertise their services, the Restaurants and their dishes, including those set forth above, have received significant positive press and attention from consumers. Accordingly, the Dishes have gained a secondary meaning as denoting products of excellent quality and value emanating from the Restaurants.

24. Wang was previously employed by M Noodle Shop.

25. An uncle of Wang's was previously employed by M Shanghai.

26. Wang's uncle is now employed by Wei Williamsburg.

27. By virtue of their employment by the Restaurants, Wang and his uncle had access to confidential information utilized in the Restaurants' operations, including recipes, food preparation techniques and cooking processes.

28. Wei Williamsburg uses and has used one or more of the Dishes on its menu.

29. Wei Williamsburg's menu is available on-line at its website, located at www.weiwilliamsburg.com as well as at www.seamless.com and www.grubhub.com.

30. On or about January 28, 2015, counsel to plaintiffs sent a letter to Wang (the "January 28th letter"), via certified-mail and first-class mail, demanding that he cease using a menu

5

that is substantially similar to that of the Restaurants, cease selling the Dishes, and cease using the Restaurants' recipes, food preparation techniques and cooking processes, in particular the recipes.

31. Wang and Wei Restaurant ignored the January 28th letter.

32. The Restaurants have not consented to defendants' use of the Dishes on the Wei Williamsburg menu, or the use of the Restaurants' recipes, food preparation techniques and cooking processes.

33. The sale by Wei Restaurant of the Dishes, its use of a menu that is substantially similar to that of the Restaurants, and its use of the Restaurants' recipes, food preparation techniques and cooking processes is likely to cause confusion and mistake in the minds of the purchasing and dining public and, in particular, tends to and does falsely create the impression that Wei Restaurant is owned and operated by the Restaurants or otherwise authorized, licensed, affiliated with or sponsored by the Restaurants when it is not.

34. Upon information and belief, the activities of defendants complained of herein constitute willful and intentional infringement of plaintiffs' rights, and were commenced and have continued in spite of defendants' knowledge that the use of plaintiffs' intellectual property, or similar

use, is in direct violation of plaintiffs' rights in its intellectual property.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Lanham Act Unfair Competition-Injunctive Relief)

35. Plaintiffs repeat and reallege paragraph 1 through 34 hereof as if more fully set forth herein.

36. Defendants have, in connection with the operation of Wei Restaurant, used in commerce, and continue to use in commerce, plaintiffs' intellectual property, including trademarks and service marks representing the Dishes, or confusingly similar names. Such use tends to falsely describe sponsorship, association, affiliation or approval by plaintiffs of Wei Restaurant's use of such intellectual property.

37. Defendants' use of plaintiffs' intellectual property, or marks confusingly similar to those of plaintiffs, in the advertising, marketing, offering and sale of its goods and services constitutes the use in commerce of false descriptions and representations of fact tending to falsely describe or represent Wei Restaurant as being authorized, sponsored, affiliate or associated with the Restaurants, when it is not.

38. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations of fact, tending to falsely or misleadingly describe or represent the Wei Restaurant's goods

7

and services as those of the Restaurants, which is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39. Defendants' acts irreparably damage plaintiffs and, unless enjoined by this Court, will continue to irreparably damage plaintiffs.

40. Plaintiffs have no adequate remedy at law.

41. By reason of the foregoing, the Court should permanently enjoin and restrain defendants from infringing plaintiffs' intellectual property and unfairly competing with plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION
(Lanham Act Unfair Competition-Damages Relief)

42. Plaintiffs repeat and reallege paragraph 1 through 41 hereof as if more fully set forth herein.

43. By reason of the foregoing, plaintiffs have been damaged.

44. By reason of the foregoing, the Court should award plaintiffs damages in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
Common Law Unfair Competition-Injunctive Relief

45. Plaintiffs repeat and reallege paragraphs 1 through 44 hereof as if more fully set forth herein.

46. As more fully set forth above, the Dishes have gained a secondary meaning as denoting products of excellent quality and value emanating from the Restaurants.

8

47. Wei Restaurant's use of the Dishes in its menu as well as its use of the Restaurants' recipes, food preparation techniques and cooking processes, is likely to cause confusion and mistake in the minds of the purchasing and dining public and, in particular, tends to and does falsely create the impression that Wei Restaurant is owned and operated by the Restaurants or otherwise authorized, licensed, affiliated with or sponsored by the Restaurants when it is not.

48. Defendants' acts irreparably damage the plaintiffs and, unless enjoined by this Court, will continue to irreparably damage plaintiffs.

49. Plaintiffs have no adequate remedy at law.

50. By reason of the foregoing, the Court should permanently enjoin and restrain defendants from infringing plaintiffs' intellectual property and unfairly competing with plaintiffs.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Common Law Unfair Competition-Damages Relief)

51. Plaintiffs repeat and reallege paragraph 1 through 50 hereof as if more fully set forth herein.

52. By reason of the foregoing, plaintiffs have been damaged.

53. By reason of the foregoing, the Court should award plaintiffs damages in an amount to be determined at trial.

WHEREFORE, plaintiffs Table For Eight, Inc. and M Shanghai, LLC, demand judgment against defendants Wei Williamsburg Corp and Wei Ping Wang as follows:

A. On the first cause of action, permanently enjoining and restraining defendants from infringing on plaintiffs' intellectual property rights and unfairly competing with plaintiffs;

B. On the second cause of action, damages in an amount to be determined at trial;

C. On the third cause of action, permanently enjoining and restraining defendants from infringing on plaintiffs' intellectual property rights and unfairly competing with plaintiffs;

D. On the fourth cause of action, damages in an amount to be determined at trial;

E. Interest, costs and disbursements of this action; and

F. Such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       May 12, 2015

                                      Yours, etc.,

                                      MOSS & KALISH, PLLC

                                      By: _____
                                      David B. Gelfarb
                                      Attorneys for Plaintiffs
                                      gelfarb@mosskalish.com

                                                  122 E. 42nd Street Ste. 2100  
                                                  New York, New York 10168  
                                                  (212) 867-4488

Liu(may)complaintweiwilliamsburg